```
               UNITED STATES DISTRICT COURT

               EASTERN DISTRICT OF LOUISIANA
```

WORLD FUEL SERVICES SINGAPORE PTE, LTD.               CIVIL ACTION

V.                                                    NO. 13-5421

BULK JULIANA M/V ET AL.                               SECTION "F"

## ORDER AND REASONS

Before the Court is the plaintiff's motion for summary judgment. Finding that there are disputes as to material facts, the motion is DENIED.

## Background

This admiralty and maritime case concerns a Singapore-based marine fuel supplier's attempt to recover a debt arising from the supply of fuel oil bunkers in Singapore to a Panamanian-flag vessel, the M/V BULK JULIANA, which is beneficially owned by a United States company, operated and managed by a United States company, and which was chartered by a German company.

The M/V BULK JULIANA is a dry bulk cargo vessel flying under the flag of Panama. Its registered owner is Bulk Juliana Ltd.; however, the vessel is beneficially owned by Bulk Partners Ltd., and operated and managed by Phoenix Bulk Carriers US LLC. During the relevant time, the vessel was time chartered to Denmar Chartering and Trading, GmbH, pursuant to a charter party dated August 13, 2012.

On or about November 12, 2012, World Fuel Services (Singapore)

Pte., Ltd. (WFS Singapore) contends that it supplied bunker fuel to the M/V BULK JULIANA at the Port of Singapore. The agreement between WFS Singapore and Denmar for the sale and delivery of the bunkers was subject to the World Fuel Services Corporation Marine Group of Companies (WFS) General Terms and Conditions. The General Terms and Conditions contains the following choice of law provision:

> 17. LAW AND JURISDICTION: The General Terms and each Transaction shall be governed by the General Maritime Law of the United States and, in the event that the General Maritime Law of the United States is silent on the disputed issue, the law of the State of Florida, without reference to any conflict of laws rules which may result in the application of the laws of another jurisdiction. The General Maritime Law of the United States shall apply with respect to the existence of a maritime lien, regardless of the country in which Seller takes legal action . . . .

The Bunker Confirmation issued by WFS Singapore to Denmar provides that the total fuel cost must be paid by within thirty days from the date of delivery. WFS Singapore maintains that it has never been paid.

Upon learning that the M/V BULK JULIANA was in the Port of New Orleans, on August 13, 2013, WFS Singapore sued the vessel, *in rem*, and Denmar, *in personam*, in this Court. WFS Singapore requested that the Court issue an arrest warrant for the M/V BULK JULIANA and a writ of attachment against Denmar. Based on the allegations of the verified complaint, and pursuant to Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the

Federal Rules of Civil Procedure, the Court issued an arrest warrant and a writ of foreign attachment.  The U.S. Marshals then arrested the M/V BULK JULIANA, and this Court granted permission for movement of the arrested vessel within the district.  Bulk Juliana Ltd. then posted security to obtain release of the vessel.  On February 8, 2014, WFS Singapore voluntarily dismissed Denmar without prejudice after learning that it had become insolvent.

Bulk Juliana Ltd., making a restricted appearance under Supplemental Rule E(8) as owner and claimant of the M/V BULK JULIANA and with full reservation of rights and defenses, sought to vacate the warrant of arrest issued against the M/V BULK JULIANA on the grounds that WFS Singapore does not possess a maritime lien against the vessel and therefore was not entitled to proceed *in rem*.  This Court, finding that WFS Singapore had shown probable cause for the arrest of the M/V BULK JULIANA, denied the motion to vacate the arrest.  In that Order and Reasons, dated June 16, 2014, the Court was persuaded that U.S. law governed the availability of a maritime lien.

WFS Singapore now moves for summary judgment.  It contends that the material facts are not in dispute: U.S. law applies, the facts giving rise to the plaintiff's claim create a maritime lien, and the fuels were supplied to the vessel but not paid for.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim.  Id.  Hearsay evidence and unsworn documents that cannot

be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

The plaintiff asserts that the choice of law issue was definitively decided in this Court's Order and Reasons denying the motion to vacate the arrest and thus does not brief the choice of law arguments in its motion for summary judgment. Bulk Juliana responds that the Court's finding that the plaintiff had established probable cause for a Rule C arrest does not establish that U.S. law controls this claim. The Court agrees with Bulk Juliana.

"When considering a motion to vacate, the Court need not definitively resolve the dispute between the parties, but instead it must only determine whether there are reasonable grounds for issuing the order." In re Complaint of Murmansk Shipping Co., 2001 WL 699530, at *2 (E.D. La. June 18, 2001). "[C]ourts in Rule E(4)(f) hearings do not make binding determinations of fact, but are merely holding that it is likely that alleged facts are true." Naftomar Shipping & Trading Co. v. KMA Int'l S.A., 2011 WL 888951, at *3 (S.D. Tex. Mar. 10, 2011). A finding of probable cause for

an arrest is not a definitive ruling that the claim has merit.

This Court does not find that passing the probable cause hurdle of a Rule C arrest makes summary judgment appropriate. Bulk Juliana contends that material issues of fact preclude summary judgment as to the choice of law issue.  It contends that it was not one of the parties to the bunker agreement between Denmar and WFS Singapore, and there are disputed issues of fact as to whether both parties intended to bind Bulk Juliana's vessel to the application of U.S. law.  It also contends that the general maritime law of the United States, the law selected by WFS Singapore, does not provide for a maritime lien, and any faults in the drafting of this choice of law clause should be construed against WFS Singapore, its drafter.  Whether Singapore law applies remains in dispute, and if it does apply, there is no lien.  The Court finds that these issues alone are sufficient to preclude summary judgment.

Accordingly, IT IS ORDERED that the motion for summary judgment is DENIED.

New Orleans, Louisiana, December 15, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE